IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL ORTIZ, ET ALS

    Plaintiffs

v.   CIVIL NO. 96-2654 (GG)

GENESIS INSURANCE CO.,
CHARLIE CAR RENTAL, INC.

    Defendants

**OPINION AND ORDER**

    Pending before us is co-defendant Charlie Car Rental, Inc.'s Motion to Dismiss arguing that the plaintiffs' complaint fails to state a claim upon which relief can be granted according to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket entry #9). The plaintiffs duly oppose and request that the motion to dismiss be treated as a motion for summary judgment since Charlie Car Rental relied on matters outside the pleadings. (Docket entry #18). Although Charlie Car Rental has not opposed the request for conversion into a motion for summary judgment, it replied adding a new argument for the dismissal. It's insurance company, co-defendant Genesis Insurance Company (Genesis), joined the reply. (Docket entries # 19 & 20).

**BACKGROUND**

    Co-plaintiff Angel Ortiz, a New Jersey resident visiting the island on September 2, 1994, rented a Suzuki Esteem from Charlie Car Rental, a corporation in the business of renting motor vehicles in



**CIVIL NO. 96-2654 (GG)**                                                            2

Puerto Rico. **See**, Complaint, docket entry #1; Rental Agreement, Exhibit #3 of the Motion to Dismiss, docket entry #9. On the early hours of September 6, 1994, Ortiz was driving the rented vehicle on Highway #52 of the Municipality of Cayey, Puerto Rico. The passengers were Magnolia Acevedo, Marly Amaro and Doris Ruiz. At kilometer 33 Ortiz drove through a large puddle of water on the lane on which he was driving. This caused him to loose control of the vehicle, which spun and then collided with and went over the protecting divider of the road. As a result of this single collision, Acevedo and Ruiz were injured. **See**, Police Report and Damage and Loss Report, Exhibits #6 & 7, respectively of the Motion to Dismiss. Likewise, the rented vehicle endured damages to the point that it was declared a total loss. Accordingly, co-plaintiff First Trenton, Ortiz's insurer, payed Charlie Car Rental $7,737.26 for the loss of the vehicle. **See**, Check, Exhibit #8, Motion to Dismiss.

On April 25, 1995, Ruiz and Acevedo filed a complaint in the Superior Court of New Jersey, Law Division, Hudson County, against Ortiz, First Trenton, Charlie Car Rental and Genesis, seeking the indemnification of damages suffered during the accident above described. On May 10, 1996, the state court dismissed the causes of action against Charlie Car Rental due to lack of *in personam* jurisdiction over it. Afterwards, First Trenton and Ortiz settled the case with Ruiz and Acevedo. (Docket entry #1).

By virtue of said settlement, on July 24, 1996, First Trenton and Ortiz filed suit in the United States District Court for the District of New Jersey against Charlie Car Rental and Genesis.

**CIVIL NO. 96-2654 (GG)** 3

(Docket entry #1). Eventually, the District Court of New Jersey granted Charlie Car Rental's request to transfer the suit to the United States District Court for the District of Puerto Rico. The case was initially assigned to the Hon. Carmen C. de Cerezo and later transferred to the undersigned.

This is a diversity case in which plaintiffs request declaratory judgement as to the rights and obligations of the parties under the vehicle rental agreement executed between Ortiz and Charlie Car Rental. The plaintiffs also seek indemnification for the damages and losses incurred by First Trenton as a result of Charlie Car Rental's alleged breach of contractual obligations in failing to provide defense and indemnity to Ortiz in the civil action presented by the victims of the accident. Accordingly, plaintiffs request the payment of costs and expenses incurred by First Trenton in providing defense and indemnity to Ortiz in said action. Finally, the plaintiffs request damages caused by the alleged bad faith and wrongful conduct of Charlie Car Rental. **See,** Complaint, docket entry #1.

In their opposition to Charlie Car Rental's Motion to Dismiss, the plaintiffs correctly propose that the same should be treated as a Motion for Summary Judgement. **See,** Plaintiff's Opposition, Docket entry #18.

**CIVIL NO. 96-2654 (GG)** 4

**CONVERSION OF THE MOTION TO DISMISS**

It is well established that if a defendant presents a motion to dismiss based on the plaintiff's failure to state a claim upon which a relief can be granted and both parties have submitted documents outside the pleadings, made arguments based on those documents and relied on them to support their respective positions, the court may consider the motion as one for summary judgement. **See**, Rule 12(b) of the Federal Rules of Civil Procedure, Collier v. City of Chicopee, 158 F.3d 601, 603 (1st Cir. 1998. In the case at bar, both parties have attached documents to their pleadings and they have also based their arguments in favor and against dismissal on those documents. Since we have considered such evidence in the process of reviewing the issues pending before us and plaintiffs themselves have requested that the motion to dismiss be treated as a motion for summary judgment, Charlie's Motion to Dismiss will be treated as a Motion for Summary Judgement. **See**, Boateng v. Interamerican University Inc., 210 F.3d 56, 60-61 (1st Cir. 2000); Rubert Torres v. Hospital San Pablo, Inc., 205 F.3d 472, 475-76 (1st Cir. 2000); C.B. Trucking v. Waste Management, Inc., 137 F.3d 41 (1st Cir. 1998).

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when "the pleadings, answers to the interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material

**CIVIL NO. 96-2654 (GG)**                                                          5

fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c) of the Fed.R.Cv.P.; Borshow Hospital & Medical Supplies, Inc., 96 F.3d 10, 13 (1st Cir. 1996). A genuine issue will exist only if a material conflict in the evidence warrants trial because the disputed fact has the potential of changing the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); McCarthy v. Northwest Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995); Martínez v. Colón, 54 F.3d 980, 983 (1st Cir. 1995).

The initial burden of showing "the absence of a genuine issue concerning any material fact" falls on the party moving for summary judgment. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). If said burden is established, then the nonmoving party is required to show that summary judgment is inappropriate. When considering a motion for summary judgment, the court reviews the record in the light most favorable to the nonmoving party and indulges all inferences favorable to that party but pays no heed to conclusory allegations. Celotex Corporation v. Myrtle Nell Catrett, 477 U.S. 317, 324-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986; McCarthy, at 315; Byrd v. Ronayne, 61 F.3d 1026, 1030 (1st Cir. 1995); Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991), cert. denied, 504 U.S. 985 (1992). This is so because, the nonmoving party cannot avoid summary judgment by "simply show[ing] there is some metaphysical doubt as to the material facts." Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986); Woods v. Friction Material, Inc., 30 F.3d 255, 259 (1st Cir. 1994).

AO 72A
(Rev.8/82)

**CIVIL NO. 96-2654 (GG)**                                                              6

Neither can it rest upon "improbable inferences, and unsupported speculation" nor rest upon mere allegation or denials of his pleading". <u>Anderson</u>, 477 U.S. at 256, <u>Medina-Muñoz v. R.J. Reynolds Tobacco Co.</u>, 896 F.2d 5, 10 (1st Cir. 1990); <u>Barbour v. Dynamics Research Corp.</u>, 63 F.3d 32, 37 (1st Cir. 1995), *cert. denied* 116 S.Ct. 914 (1996). On the contrary, to properly oppose a summary judgement motion, the nonmoving party needs to proffer sufficiently competent and probative evidence to how differing versions of the facts justify a trial. <u>National Amusements, Inc. v. Town of Dedham</u>, 43 F.3d 731, 735 (1st Cir. 1995), *cert. denied*, 115 S.Ct. 2247 (1995); <u>Milton v. Van Dorn Co.</u>, 961 F.2d 965, 969 (1st Cir. 1992).

Charlie argues in his motion that dismissal is proper in view that plaintiffs failed to state a claim upon which relief can be granted. Specifically, Charlie claims that by declining to pay the Personal Accident Insurance[1] (PAI) option, Ortiz assumed the risk involved in the operation of the rented automobile, thus accepted liability for any accident and in turn deprived his insurer from seeking reimbursement for any damages paid.[2] That is, that

---

[1] The Personal Accident Insurance (PAI) option is an insurance policy that provides coverage for death or bodily injury caused by an accident during the rental period to the renter if said insurance is purchased for a minimum daily fee. **See**, Informative Leaflet, Exhibit #5, Motion to Dismiss.

[2] Ortiz also opted not to pay for the Loss Damage Waiver (LDW) and Personal Effects Protection Coverage (PEP). The LDW is a waiver purchased by the renter for a daily fee. Through this option Charlie Car Rental waives any claim against the lessee for any loss, theft or damage to the rented vehicle. **See**, Terms and Conditions of the Rental Agreement, Exhibit #3, Motion to Dismiss. The PEP option is an insurance policy purchased by the lessee that covers, during (continued...)

**CIVIL NO. 96-2654 (GG)**                                                      7

plaintiffs are now precluded from bringing an action for damages for an alleged breach of contractual obligations. Furthermore, it contends that under the Puerto Rico Vehicle and Traffic Law, Law No. 141, July 20, 1960, Section 13-101, 9 L.P.R.A. §1751[3], although the owner of a vehicle involved in an accident must respond to the victims, the tortfeasor is not entitled to recover from the owner any amount paid as damages to the victims. Last but not least, defendants argue that the insurance policy issued by Genesis applies to situations wherein damages exceed the self insured retention of $100,000.

In opposition, plaintiffs rely on the fact that Charlie agreed in the rental agreement to provide automobile liability insurance or qualified self-insurance which would protect Ortiz on a primary basis in respect to other insurance for, *inter alia,* bodily injury of another. The plaintiffs also allege that Genesis issued a policy of insurance to Charlie Car Rental, which was in full force and provided that it would pay all sums that an insured must pay as damages. **See,** Plaintiff's Opposition, Genesis Insurance Co.'s Policy, Exhibit #1, Docket entry #18. The plaintiffs finally suggest that Ortiz was an insured under the policy by virtue of the *omnibus clause*.

---

[2](...continued)
the rental period, loss or damage to the personal property and possessions which the renter and his immediate family are traveling with. **See,** Brochure, Exhibit #4, *supra*.

[3]Law No. 141 was abolished and reenacted as Law No. 22 of January 7, 2000. Although Section 13-101 did not suffer any changes in the new law (Article 22.01), we will continue making reference to Law No. 141 for it was the one applicable at the time of the accident object of this action.

AO 72A
(Rev.8/82)

**CIVIL NO. 96-2654 (GG)**                                                                  8

After careful consideration of the parties' arguments, the record before us, the applicable law and jurisprudence, we find hat defendants' motion for summary judgment must be and is hereby **GRANTED**.

**DUTY TO PROVIDE AUTOMOBILE LIABILITY COVERAGE**

The Terms and Conditions of the Rental Agreement between Charlie Car Rental and Ortiz, signed on September 2, 1994, clearly provided that an automobile liability insurance or qualified self-insurance would protect the authorized driver on a primary basis in respect to other insurance. It is uncontested that Ortiz was the only authorized driver. Hence, Charlie had an obligation toward Ortiz to provide said coverage, as agreed in the rental contract.

From March 25, 1994 through March 25, 1995, Charlie Car Rental had in full force Policy No. YXB300188, issued by Genesis, which covered it's liability regarding the payment of any sums as damages for bodily injury, among others. A careful exam of this insurance policy shows that any automobile owned by Charlie Car Rental was covered. **See**, Plaintiff's Opposition, Business Auto Coverage Form, Section I-Covered Autos, Exhibit 1, Docket Entry #18. Not only was Charlie, as the named insured, covered, but also Ortiz was covered as "[a]nyone else while using with your permission a covered "auto" you own, hire or borrow...". **See**, Section II-Liability Coverage of Genesis's policy. Moreover, Genesis policy states that in regards to other insurance, its policy provides primary insurance for any

**CIVIL NO. 96-2654 (GG)**  9

covered auto own by Charlie. Therefore, by means of the insurance policy issued by Genesis, Charlie fully discharged it's obligation under the rental agreement.

**DUTY TO INDEMNIFY**

On March 24, 1995, prior to the rental agreement, the policy had been modified by way of Endorsement #2 to establish a self-insured retention of $100,000.[4] Specifically, Endorsement #2 amended Section II of the policy (Liability Coverage) providing that:

> [Genesis] obligation is to indemnify the insured for damages to which this insurance applies that the insured becomes legally obligated to pay **and that exceed or that together with "claim expenses" exceed the self-insured retention amount [of $100,000 per accident]**... The insured may make claim for indemnity under this policy as soon as it is determined that damages or that damages together with "claim expenses" **exceed the self-insured retention amount [of $100,000 per accident]**. (Our emphasis).

**See,** Exhibit 1, Endorsement #2, Part 1A & 3, Reply to Plaintiff's Opposition, Docket Entry #19.

The fact that the endorsement uses the word "excess" in no way alters Genesis responsibility as primary insurer.[5] The endorsement

---

[4]It is worth noticing that plaintiffs accompanied with their opposition the entire policy and all of it's endorsements, except Endorsement #2, even though Endorsement #1 mentions and identifies the same.

[5]Primary coverage is insurance coverage whereby under the terms of the policy, liability attaches immediately upon the happening of the occurrence that gives rise to liability. 16 Couch on Insurance
(continued...)

**CIVIL NO. 96-2654 (GG)**                                                      10

only sets a type of deductible that must be met by the insured before the insurer is obligated to indemnify the insured. Although a primary insurer is one whose coverage of a given loss is at the first level of loss, the same only comes into play after satisfaction of any deductible. **See**, 1 Couch on Insurance 2d. (Rev. ed.), §1.4. Since the endorsement was in effect at the time of the Rental Agreement between Charlie and Ortiz, in order for Genesis to have a duty to indemnify Ortiz, he had to establish that the amount he was legally obligated to pay as damages together with claim expenses exceeded the self-retention fee of $100,000.

Plaintiffs attached with their complaint a copy of the state complaint filed by the victims against Ortiz. Unfortunately, it does not stem from said document the amount requested by the victims as damages. Worst of all, even though the information regarding damages and claim expenses is in plaintiffs' sole possession and control, they have failed to produce the same. The mere allegation in the complaint that damages recoverable in this case exceed $100,000 is clearly insufficient to "avoid the 'swing of the summary judgment axe'". Bramble v. American Postal, 135 F.3d 21, 24 (1st Cir. 1998). In view of plaintiffs failure to comply with their burden of proving that Genesis had a duty to indemnify them, the later is entitled to summary judgment as to this issue. **See**, Celotex v. Catrett, 477 U.S. at 322-323 (the moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient

---

⁵(...continued)
2d. (Rev. ed.), §62:41.

**CIVIL NO. 96-2654 (GG)**                                                           11

showing on an essential element of her case with respect to which she has the burden of proof).

As to the allegation that Charlie had a duty to indemnify plaintiffs, for the reasons herein below stated we find that the same is totally without merit.

In this case the legal responsibility to indemnify the victims of the accident is controlled by two different and distinct statutes, namely, Article 1802 of the Puerto Rico Civil Code and Section 13-101 of the Puerto Rico Vehicle and Traffic Law, *supra*. Article 1802 governs the liability of the direct tortfeasor; the person whose intentional or negligent acts or omissions caused the damages suffered by the victims. **See**, 31 L.P.R.A. §5141. On the other hand, under Section 13-101:

> The owner of a motor vehicle shall be liable for damages and losses caused through guilt or negligence by operation of such vehicle by or under the physical and actual control of any person who, for the main purpose of operating it, or of having or allowing it to be operated by a third person, obtains possession thereof by express or tacit authorization of its owner....
>
> **The person for whose negligence the owner of a vehicle is to answer under the provisions of the preceding paragraph shall be bound to indemnify said owner.** (Our emphasis).

According to the above, the owner of the vehicle is made primarily liable toward the victim, even if another person's negligence caused the damage. **See**, Aviles v. Burgos, 783 F.2d 270, 278 (1st Cir. 1986).

However, it should be borne in mind that Section 13-101 only imposes initial financial responsibility on the owner of the vehicle

**CIVIL NO. 96-2654 (GG)**                                                12

with which the victim's damages were caused. **See**, 9 L.P.R.A. §1751; Nieves Vélez v. Bansander, 136 D.P.R. 827 (1994). More importantly, Section 13-101 responds to the primary purpose of protecting innocent victims by providing them greater guarantees of indemnification. **See**, Diary of Session of the Commonwealth of Puerto Rico House of Representatives, vol. XIII, pp. 1312-1313 (1960); *Id.*, at 841; González Tamayo v. Seatrain Lines of Puerto Rico, Inc., 106 D.P.R. 494, 501 (1977) ("to offer a higher security of compensation for the damages suffered by persons who are victims of accidents occurring on our public highways"); McGee Quiñones v. Palmer, 91 P.R.R. 450, 456 (1964)(...the purpose sought by [Section 13-101]...is none other than to transfer the burden of the damages to the party who is in a better position to bear it. The owner of the automobile must suffer the risks, not the innocent victim.) **See also**, Avilés v. Burgos, 783 F.2d at 278. Consequently, Section 13-101 in no way relieves the direct tortfeasor of it's responsibility under Article 1802. In fact, it provides for the owner to go against the direct tortfeasor and be reimbursed for any payment of damages it had to incur. **See**, 9 L.P.R.A. §1751 (The person for whose negligence the owner of a vehicle is to answer under the provisions of the preceding paragraph shall be bound to indemnify said owner.); McGee v. Palmer, P.R.R. at 454.

As previously stated, under Genesis policy there was a self-retention fee of $100,000. Thus, any amount of damages under $100,000 would have to be covered and payed to the victims both by Charlie,

AO 72A
(Rev.8/82)

**CIVIL NO. 96-2654 (GG)** 13

as the owner, and Ortiz, as the direct tortfeasor.[6] However, since the New Jersey court ruled that it had no personal jurisdiction over Charlie Car Rental, Ortiz remained as the sole defendant in the state suit. Accordingly, he was left with the burden of compensating the injured parties, as he did by means of a settlement agreement. Having the victims been duly compensated, the purpose of Section 13-101 was achieved. Ergo, Charlie's responsibility ceased. Contrary to Ortiz' claim, there is no statute or rule which gives the direct tortfeasor a cause of action to obtain from the owner of the vehicle the costs incurred as a result of his own negligent acts. In sum, Charlie has not duty to indemnify Ortiz.

**DUTY TO DEFEND**

In regards to the alleged duty to defend, the rental agreement between Charlie and Ortiz is totally devoid of any language pointing to any duty upon Charlie to defend Ortiz. More importantly, Genesis' policy distinctly indicates that "[Genesis has] no duty to defend any claim or 'suit'". **See**, Exhibit 1, Endorsement #2, Part 1D, *supra*. **See also**, González v. The Commonwealth Insurance Co., ___ D.P.R. ___ (1996), 96 J.T.S. 63 p. 1038 (for the duty to defend to exist the same must have been established in the insurance contract); Pagán Caraballo v. Silva Ortiz, 122 D.P.R. 105, 110 (1988). Consequently,

---

[6]It is undisputed that Ortiz declined to obtain coverage under the Personal Accident Insurance option (PAI), which would have provided some coverage for the injuries caused by his negligent operation of the automobile.

**CIVIL NO. 96-2654 (GG)**　　　　　　　　　　　　　　　　　　　　14

plaintiffs allegation that defendants breached their duty to defend Ortiz in the tort action filed against him by the victims is groundless.

**WHEREFORE,** for the reasons herein stated, co-defendant Charlie Car Rental, Inc.'s Motion to Dismiss, which was converted into a motion for summary judgment, is **GRANTED** and this action is **DISMISSED WITH PREJUDICE.** Judgment shall be entered accordingly.

**SO ORDERED.**

San Juan, Puerto Rico, this 29th day of September, 2000.

GILBERTO GIERBOLINI
Senior U.S. District Judge